UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**JOHN DOE,**

      **Plaintiff,**

v.                                                                         Civil Action No. 3:24-cv-00912-RCY

**VIRGINIA EAGLE DISTRIBUTING**
**COMPANY, LLC,**                                          JURY TRIAL DEMANDED

      **Defendant.**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED IN PSEUDONYM OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

The Plaintiff respectfully moves this Court for leave to proceed with the prosecution of his claims under a pseudonym. In the alternative, the Plaintiff respectfully moves this Court for entry of a protective order which would require that any reference to the Plaintiff's identity, or identifying information, be filed under seal.

**I.**    **INTRODUCTION**

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). To protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## II.  STATEMENT OF THE FACTS

This is a class action for statutory damages, costs, and attorney's fees brought by Plaintiff on behalf of a class of consumer jobseekers and employees against Virginia Eagle pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(b)(3).[1]

The FCRA imposes specific duties on employers such as Virginia Eagle that utilize consumer reports to make hiring decisions, to protect the consumer jobseekers and employees. Plaintiff was offered a job with Virginia Eagle, which he accepted. As part of the employment process, Virginia Eagle obtained an employment purposed consumer report about the Plaintiff that contained many inaccurate and false criminal records, which it used to make the decision to terminate the Plaintiff.

Defendant obtained a consumer report about the Plaintiff from Seamless Search, Inc. ("Seamless") a Nationwide Testing Association, Inc., company, which is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis.

Upon information and belief, Virginia Eagle has a contract with Nationwide Testing Association, Inc., (NTA) for the provision of employment purposed consumer reports that contains a clause requiring Virginia Eagle to comply with the FCRA, as well as other state and federal laws, rules, codes, and regulations.

---

[1] The Statement of Facts is based on the facts alleged in the Class Action Complaint.

NTA's agent/affiliate, Seamless Search published a consumer report to Virginia Eagle that falsely reported that Plaintiff was convicted of felony possession of marijuana, distribution, and failure to appear, as well as other criminal records that were erroneous or obsolete. In fact, Seamless Search could not possibly have obtained information leading to this inaccurate reporting because **no such information existed in the public record**. Plaintiff has never been convicted of a felony in his life.

Upon receiving a report from NTA/Seamless, Virginia Eagle immediately informed Plaintiff that his offer of employment was terminated based on felony conviction information contained in the report. In rescinding the offer of employment, Virginia Eagle followed its policies and procedures. When it terminated the offer of Plaintiff's employment, Virginia Eagle did not first provide to the Plaintiff a copy of the consumer report upon which it based its hiring decision at least five business days prior to making the decision. By rescinding the offer of employment upon receipt of the consumer report, Virginia Eagle did not first provide to the Plaintiff a copy of the FCRA summary of rights at least five business days prior to making the decision.

Providing a copy of the consumer report and FCRA summary of rights at least five business days before taking adverse employment action is often called the pre-adverse action notice requirement. The pre-adverse action notice must be given prior to making any employment decision based in whole or in part on a consumer report. The provision's clear purpose is to provide job applicants and employees with an opportunity discuss adverse information in their reports with employers or otherwise respond or seek corrections before adverse action is taken by the employer. The employer's pre-adverse action notice requirements have been well-established by the relevant regulatory agencies (FTC and CFPB) for over 25 years.

Terminating an offer of employment is an adverse employment action. Because Defendant terminated Plaintiff's offer of employment upon receiving a report that had felony records in it, it is presumed that the adverse action was based on the criminal records rather than another reason. Defendant terminated the Plaintiff's offer of employment pursuant to its standard policies and practices, which harm innocent consumers seeking employment by failing to provide the consumer job applicants with the opportunity to discuss or correct inaccurate criminal record information in their consumer reports before the adverse action is taken.

As a direct and proximate result of Defendant's conduct, Plaintiff lost a well- paying job, job security, benefits, opportunity for overtime and advancement. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of injuries resulting in actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; labor and money spent trying to correct his background check report; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

Despite the actual damages suffered by the Plaintiff as a result of Defendant's conduct, the Plaintiff is electing to sue on behalf of a class of all consumers that applied for a job at Virginia Eagle and were denied their FCRA rights by being deprived of the pre-adverse action notice, consumer report, and summary of rights at least five days prior to the adverse action.

In Plaintiff's case, the adverse action was rescission of the job offer, however, adverse actions may include, but not limited to, a delay in start date, less pay, fewer benefits, fewer duties and opportunities for advancement, less favorable working conditions, reduced hours, termination, or loss of benefits. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims

against Defendant for failing to follow the FCRA's requirement that it provide the Plaintiff with pre-adverse action notice and a summary of his FCRA rights at least five business days prior to taking adverse employment action based in whole or in part on a consume report.

Upon information and belief, Defendant followed its standard hiring practice in relying on a consumer report to make a final hiring decision without providing the consumer job applicant or employee the five-days' notice before taking adverse action.

## III.  LEGAL STANDARD

As a general matter, a complaint must state the name of all parties. Fed. R. Civ. P. 10(a). However, "federal courts have analyzed the question of whether a plaintiff may proceed pseudonymously and have allowed the practice on certain occasions". *Doe v. Aberdeen Sch. Dist.*, No. 1:18-CV-01025-CBK, 2019 U.S. Dist. LEXIS 158288, at *2 (D.S.D. Sep. 17, 2019)

In determining whether to allow a party to proceed under a pseudonym, a court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Public Citizen,* 749 F.3d 246, 274 (4th Cir. 2014).  To assist with this inquiry, the Fourth Circuit has identified the following non-exhaustive list of relevant factors: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). "Each factor may not be relevant in every case". <u>Doe v. Alger,</u> 317 F.R.D. 37,

39 (W.D. Va. 2016). The "trial court must 'carefully review all the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.* at 39-40 (quoting *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012)).

A careful analysis of these factors demonstrates that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private.

## IV. ARGUMENT

### A. Allowing Plaintiff to Proceed by Pseudonym is Appropriate and Necessary to Protect Plaintiff's Privacy and Future Employment.

To litigate the Plaintiff's claims against the Defendant, the parties will necessarily have to present evidence as to the Plaintiff. Applying the relevant *James v Jacobson* factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private to protect himself from further economic and reputational harm.

The public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Defendant will be able to fully and fairly litigate against Plaintiff without publicly revealing his identity. On the other hand, the harm to Plaintiff in having his identity revealed is near-certain and severe. Simply put, he would be creating a public record linking him to felony drug convictions, where no such record should exist, and where no such record does exist, which will likely negatively impact future employment opportunities (as it has already done).

"[I]n today's internet age, the docket filings [for this case] are likely to remain pervasively available." *A.D. v. Wyndham Hotels & Resorts*, No. 4:19cv120, 2020 U.S. Dist. LEXIS 163851,

6

at *5 (E.D. Va. Mar. 20, 2020) (quotation omitted). That is, Plaintiff's litigating to hold Defendant accountable for falsely associating him with felony drug convictions will have the effect of massively distributing the very same falsehood. Unless permitted to proceed in pseudonym, Plaintiff's action would be the equivalent of attaching a bullhorn to the falsity that was heretofore in limited, though injurious, circulation.

Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining the clear judicial record wherein no publicly available information links him to a felony, or (2) prosecuting the statutory protections provided by the FCRA. Plaintiff therefore asserts that his interest in preserving "privacy in a matter of sensitive and highly personal nature" is more than sufficient to outweigh the generic public interest in available information. *James*, 6 F.3d at 238.

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate his rights where criminal records are improperly reported. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. "Further, while the issues in this litigation present matters which may garner some public interest, that public interest can be met without the necessity of disclosure of the plaintiff's identity." *Jones v. Oss Orthopaedic Hosp.*, 2016 U.S. Dist. LEXIS 89787 at *4 (M.D. Penn.).

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid public disclosure of his identity so as to avoid making his expunged record public. Specifically, Plaintiff asks this Court to permit him to proceed in this Court in pseudonym. Plaintiff also requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal, in the event that Plaintiff's true identity must be revealed in these proceedings.

### B. The Defendant will not be Prejudiced by an Anonymous Caption as the Plaintiff will Disclose his Identity to the Defendant.

The Defendant will not be prejudiced by the Plaintiff proceeding under a pseudonym as the Plaintiff fully intends to disclose his identity to the Defendant so that the Defendant can locate the Plaintiff's file and consumer reports. As such, the Defendant will be able to fully and fairly litigate this case irrespective of whether the Plaintiff's name is publicly disclosed in the caption.

Further, the Plaintiff's name being in the caption is irrelevant to the core legal questions to be litigated in this case, all of which revolve around the Defendant's policy and procedures concerning its use of criminal background checks in its employment applications and its relevant communications with applicants. Defendant can readily address the legal and factual issues raised without reference to Plaintiff's specific identity in the public record. As such, this too weighs in favor of allowing Plaintiff to proceed under a pseudonym.

### C. The Public's Interest in Open Judicial Proceedings is Outweighed by the Public's Interest in Allowing Litigants to Vindicate their Rights.

There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. On the other hand, the harm to Plaintiff in having his identity revealed is certain and severe. It includes not only social stigma, but also an impairment of his employment possibilities.

Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would be required "to disclose information of the utmost intimacy" (*Doe v. Aberdeen Sch. Dist.*, 2019 U.S. Dist. LEXIS 158288, at *2), creating a public record wherein uninterested parties would have access to criminal records that do not exist in the public record.

### V. IF PLAINTIFF IS NOT PERMITTED TO PROCEED BY PSEUODNYM, PLAINTIFF REQUESTS THAT THE COURT ENTER A PROTECTIVE ORDER IN THE ALTERNATIVE.

Alternatively, the Plaintiff requests that the Court enter a protective order. Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, the Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity. Specifically, if Plaintiff's true identity must be revealed in these proceedings, the Plaintiff requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal.

### VI. CONCLSUION

Based on the foregoing, the Plaintiff respectfully moves this Court for leave to proceed with the prosecution of his claim under pseudonym. In the alternative, the Plaintiff respectfully moves the Court for entry of a protective order which would require that any reference to the Plaintiff's identity, or identifying information, be filed under seal.

Dated: December 30, 2024

Respectfully Submitted,

**John Doe**

*/s/*
Susan Mary Rotkis, VSB 40693

9

                Consumer Justice Law Firm
                2290 East Speedway Blvd.
                Tucson, AZ 85719
                Direct: 602-807-1504
                Facsimile: 480-613-7733

                E-mail: srotkis@consumerjustice.com


                *Attorney for Plaintiff,*
                *John Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will serve the Motion and Memorandum in Support on Defendant together with the Complaint since no party other than Plaintiff has yet to enter an appearance.

> /s/
> Susan Mary Rotkis, VSB 40693
> Consumer Justice Law Firm
> 2290 East Speedway Blvd.
> Tucson, AZ 85719
> Direct: 602-807-1504
> Facsimile: 480-613-7733
>
> E-mail: srotkis@consumerjustice.com
>
> *Attorney for Plaintiff,*
> *John Doe*