IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN DOE,                         )<br>        Plaintiff,              )<br>                                   )<br>        v.                         )<br>                                   )<br>VIRGINIA EAGLE DISTRIBUTING        )<br>COMPANY, LLC,                      )<br>        Defendant.                 )<br>                                   ) | Civil Action No. 3:24CV912 (RCY) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Leave to Proceed under Pseudonym or, in the Alternative, for a Protective Order ("Motion,"). ECF No. 4. Therein, Plaintiff seeks to proceed under a pseudonym so as not to create a public record linking him to an erroneous felony drug conviction that appeared in a consumer report. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons that follow, the Court will deny Plaintiff's Motion (ECF No. 4).

### I. RELEVANT BACKGROUND

Plaintiff brings this putative class action suit against Defendant Virginia Eagle Distributing Company, LLC ("VEDC" or "Defendant") pursuant to the Fair Credit Reporting Act (FCRA), alleging that Defendant improperly withdrew Plaintiff's offer of employment after receiving inaccurate information in a consumer report. Compl. ¶ 21; Mot. 1–3. Specifically, that Defendant rescinded its offer based on reports that Plaintiff had previously been convicted of felonies for possession of marijuana, distribution, and failure to appear. Compl. ¶¶ 19, 30; Mot. 3. Plaintiff purports to have never been convicted of a felony, however, Plaintiff does have misdemeanor

convictions for "possession and failure to appear," Compl. ¶ 89, and mentions an expungement in his Motion. Compl. ¶ 20; Mot. 3; *id.* at 8 ("Plaintiff seeks an order protecting his privacy . . . so as to avoid making his expunged record public."). Plaintiff filed this Motion and accompanying Memorandum in Support thereof on December 30, 2024, to which Defendant never responded. Mot., ECF No. 4; Mem. Supp., ECF No. 5.

## II. STANDARD OF REVIEW

Generally, a complaint must name all parties to the suit. Fed. R. Civ. P. 10(a). The naming requirement demonstrates the presumption and prioritization of judicial openness in American law. *Candidate No. 452207 v. CFA Institute*, 42 F. Supp. 3d 804, 806 (E.D. Va. 2012). However, this principle "operates only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Critically, in the Fourth Circuit, there is no affirmative requirement that a plaintiff ask for leave before filing a complaint under pseudonym. *See B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (declining to adopt *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). Instead, the Fourth Circuit has instructed district courts to conduct a fact-specific inquiry to reconcile "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014).

## III. DISCUSSION

Plaintiff seeks to proceed under the pseudonym "John Doe;" in the alternative, he requests a protective order that would require any filing that references Plaintiff's true identity to be placed under seal. Mem. Supp. 6, 9. The Court will first address Plaintiff's pseudonym argument before assessing whether a protective order would be appropriate.

**A. The Court Will Deny Plaintiff's Motion to Proceed Under Pseudonym**

Plaintiff argues that proceeding pseudonymously is appropriate to protect his privacy and to protect him from future reputational and economic harm. Mem. Supp. 6–8. Plaintiff further contends that Defendant will not be prejudiced by Plaintiff proceeding pseudonymously and that Plaintiff's interests outweigh the public's interest in an open judicial proceeding. *Id.* at 8–9.

"There is a 'presumption' that parties must sue and be sued in their own names," and "few cases warrant anonymity." *Doe v. Sidar*, 93 F.4th 241, 246–47 (4th Cir. 2024) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). That is because actions brought under a pseudonym "undermine[] the public's right of access to judicial proceedings," as the "public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Id.* at 246–47 (quoting *Public Citizen*, 749 F.3d at 274). To determine whether a plaintiff may proceed under a pseudonym, district courts in the Fourth Circuit utilize what are known as the *James* factors. *See e.g.*, *id.* at 247. These are, in relevant part:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; . . . whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.[1] Plaintiff identifies the *James* factors but does not address each factor in his argument. *See* Mem. Supp. 6–9. Despite this, the Court will address each aforementioned factor in turn below. And, as described below, the Court finds that the circumstances here do not warrant Plaintiff's use of a pseudonym in this action.

---

[1] *James* also instructs courts to consider "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. Because Plaintiff has not disclosed his age, the Court finds that this factor has no bearing on the analysis.

The first *James* factor considers the party's need to preserve privacy. *Id.* Here, Plaintiff argues that proceeding under a pseudonym is necessary to prevent future economic and reputational harm based on false information. Mem. Supp. 6–9. However, many out-of-circuit courts and district courts have found that "[s]uch naked speculation of future harm does not justify pseudonymous litigation." *Doe v. Corp. Sec. Sols., Inc.*, 751 F. Supp. 3d 609, 614–15 (E.D.N.C. Sept. 27, 2024) (collecting numerous out-of-circuit cases and district court cases); *Candidate No. 452207*, 42 F. Supp. 3d at 808 ("[I]nterests in avoiding embarrassment, criticism, and reputational harm are not privacy interests in a matter of an especially sensitive or highly personal nature and, otherwise, are not sufficient to overcome the public interest."). Personal information justifying anonymity include "intimate personal matters such as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families," none of which are implicated here. *Candidate No. 452207*, 42 F. Supp. 3d at 808–09 (quoting *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004)). Notably, courts have explicitly rejected plaintiffs' requests to proceed under pseudonym based on criminal history, *see Doe v. Evident ID Inc.*, 603 F. Supp. 3d 292, 294–95 (S.D.W. Va. 2022) (citing *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 764 (1989)), erroneous criminal history, *see id.* at 293–95; or expunged criminal history, *see Corp. Sec. Sols.*, 751 F. Supp. 3d at 613. The Court does not find Plaintiff's need for privacy to be so great as to overcome public interest, as Plaintiff's allegation includes speculative future harm that is reputational and monetary in nature and concerns Plaintiff's criminal record.

Plaintiff further argues that absent his ability to proceed anonymously, he will be forced to choose between prosecuting his "statutory protections provided by the FCRA" and "maintaining the clear judicial record." Mem. Supp. 7. Although Plaintiff contends that failing to grant his Motion would "have a chilling effect on any consumer's ability to vindicate his rights," *id.*, the

Court agrees with the district court in *Doe v. Corporate Security Solutions, Inc.*, which correctly noted that the "FCRA contains no provision offering claimants the option to proceed pseudonymously," cutting against Plaintiff's broad argument here. 751 F. Supp. 3d at 614; *see* 15 U.S.C. §§ 1681, *et seq.*; *see also Evident ID*, 603 F. Supp. 3d at 294 (rejecting similar premise). Moreover, the only link to any alleged felony would be in a context where Plaintiff disputes the reliability of such a reference. Thus, the first factor weighs against permitting Plaintiff to proceed pseudonymously.

The second *James* factor contemplates whether proceeding without a pseudonym would risk "retaliatory physical or mental harm." *James*, 6 F.3d at 238. Plaintiff only alleges potential economic or reputational harm, which courts have previously found to be insufficient. Mem. Supp. 6–9; *see, e.g.*, *Candidate No. 452207*, 42 F. Supp. 3d at 809 (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)); *Evident ID*, 603 F. Supp. 3d at 295 ("[E]conomic harm must be 'extraordinary' to merit anonymity."). Moreover, the Court agrees with the district court's reasoning in *Evident ID*, that "some future employers may deny Plaintiff employment as a result of searching docket entries . . . . [However,] employers that perform background checks would gain access to the factual information in question regardless of whether Plaintiff proceeds under his actual name." 603 F. Supp. 3d at 295. Therefore, this factor also weighs against Plaintiff proceeding under a pseudonym.

Plaintiff makes no specific argument regarding the next *James* factor—whether the action is against a "governmental or private party." *James*, 6 F.3d at 238; *see generally* Mem. Supp. "[S]uing only a private individual weighs against anonymity." *See Doe v. Doe*, 85 F.4th 206, 216 (4th Cir. 2023)). Plaintiff's silence notwithstanding, this *James* factor weighs against Plaintiff because the case is against a private party, not a government entity.

The final relevant *James* factor considers the degree to which a party's use of a pseudonym prejudices the other parties to the litigation. *James*, 6 F.3d at 238. The Court finds that this factor arguably supports permitting Plaintiff to proceed under the desired pseudonym. First, Plaintiff's Motion is unopposed, suggesting Defendant concedes the issue. *See Pueschel v. United States*, 369 F.3d 345, 543–54 (4th Cir. 2004); *J.A. v. Abreu*, 2024 WL 1806514 at *3 (D. Md. April 25, 2024) ("Defendants have filed no response to the Motion; therefore, they do not contend they will suffer unfairness or prejudice should Plaintiff proceed anonymously."). Second, it appears that Plaintiff's use of pseudonym would not prejudice Defendant, since Defendant is already aware of Plaintiff's identity. Mem. Supp. 8.

In sum, the weight of the factors does not support permitting Plaintiff to proceed under pseudonym. The Court must keep in mind that it "has an independent obligation to ensure that *extraordinary circumstances* support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Doe*, 85 F.4th at 211 (emphasis added). The Court finds, for the reasons discussed above, that such extraordinary circumstances are not present here.

**B. The Court Will Deny Plaintiff's Alternative Request For a Protective Order**

Plaintiff seeks, in the alternative, a protective order that would proactively require any filing that references Plaintiff's true identity to be placed under seal. Mem. Supp. 9. A court may issue a protective order under Federal Rule of Civil Procedure 26(c) upon a finding of good cause. Fed. R. Civ. P. 26(c). Plaintiff fails to discuss why alternatives, such as redacting documents, are an inadequate remedy in this case. *See Evident ID*, 603 F. Supp. 3d at 298. Therefore, to the extent Plaintiff seeks to have any reference to his true identity filed under seal, the Court declines to do so, for the reasons set forth above. *See Evident ID*, 603 F. Supp. 3d at 298; *Does v. RealPage,*

*Inc.*, 2024 WL 2863545, at *5 (D. Md. June 6, 2024).

## IV.  CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's Motion for Leave to Proceed under Pseudonym or, in the Alternative, for a Protective Order, in full.

An appropriate Order shall issue.

                                                             /s/  
                                              Roderick C. Young  
                                              United States District Judge

Date: July 8, 2025  
Richmond, Virginia